

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

OCT 2 7 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GENESCO SPORTS ENTERPRISE, INC., §
§
       Plaintiff, §
§
        §     Civil Action No. 3:11-CV-1345-N (BF)
v. §
§
SIDNEY WHITE, §
§
       Defendant. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is the Motion to Dismiss (doc. 27) of Defendant Sidney White ("Defendant") filed on August 15, 2011. On September 6, 2011, Plaintiff Genesco Sports Enterprise ("Plaintiff") filed a Response (doc. 31), and Defendant filed a Reply (doc. 34) on September 20, 2011. Defendant seeks dismissal of this action for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Based on the foregoing reasons, the Court recommends that the Motion to Dismiss should be DENIED.

## Background

Defendant was employed in Plaintiff's Account Services/New Business department from January 2004 through June 2011. (Pl. First Am. Compl. at ¶¶ 5-7.) On May 19, 2011, Defendant resigned from the company and provided his two-week notice. (*Id.* at ¶ 7.) Plaintiff alleges that from May 16, 2011 to Defendant's last day of employment on June 3, 2011, Defendant downloaded

and copied various confidential and proprietary documents belonging to Plaintiff to a USB device.[1]
(*Id.* at ¶¶ 8-9.)  Plaintiff claims that once Defendant downloaded and copied the documents, he deleted them from his laptop. (*Id.* at ¶ 9.)  Plaintiff states that Defendant's actions were discovered when Plaintiff's IT Specialist, Randy Turner ("Turner") took possession of Defendant's laptop after Defendant's last day of employment. (*Id.* at ¶ 10.)  Plaintiff contends that Turner noticed that Defendant's documents and emails were missing from the laptop and that prompted Turner to investigate further. (*Id.*)  Plaintiff alleges that upon further investigation, Turner found that not only had Defendant copied and deleted all of the documents and emails from his laptop, but he also copied and deleted confidential information from Plaintiff's corporate server. (*Id.*)  Plaintiff states that Turner was able to discover all of this through the "Recent Documents" file located in the Windows operating system. (*Id.*)  The "Recent Documents" folder showed a list of all of Plaintiff's files that were transferred from Defendant's laptop and the corporate server to a USB device, identified as the "F" drive on the laptop. (*Id.*)  The time and date that all files were accessed was provided in the "Recent Documents" file as well. (*Id.*)

In its First Amended Complaint, Plaintiff alleges eight causes of action against Defendant, including breach of contract, tortious interference with contract, violation of the Texas Theft Liability Act, misappropriation of trade secrets, conversion, breach of fiduciary duty, violation of the Computer Fraud and Abuse Act, and harmful access by computer.

### Rule 12(b)(1) Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter

---

[1] The alleged USB drives are now in the Court's possession, as ordered by this Court at an emergency hearing held on June 29, 2011. After the hearing, Defendant turned over four USB devices and three compact discs to the Court.

jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Only if the plaintiff cannot prove any of the facts supporting his claim, which would provide him relief, should a case be dismissed for want of subject matter jurisdiction. *Id.* (citing *Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992).

In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). However, in those cases where the defendant claims a lack of jurisdiction because of the lack of an element in plaintiff's federal cause of action, the court should limit its jurisdictional review to facial scrutiny. *Lewis v. Knutson,* 699 F.2d 230, 237 (Tex. App. 1983) (citing *Williamson,* 645 F.2d at 415). Factual scrutiny of the federal cause of action should be reserved for the Rule 12(b)(6) analysis on the merits of the claim. *Id.* Thus, a court's jurisdictional analysis will be limited to looking at the face of the complaint to determine if recovery is being sought under federal law or the Constitution. *Nowak,* 81 F.3d at 1189. Here, Defendant claims a lack of jurisdiction because of a lack of a federal cause of action, and therefore, the Court's jurisdictional scrutiny will be limited to an examination of the face of the complaint.

## Federal Question Jurisdiction

To find that subject matter jurisdiction exists, the Court must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n*, 143 F.3d at 1010. Plaintiff alleges that the

3

Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because it has statutory power under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"). (Pl. First Am. Compl. ¶ 3.) Plaintiff claims that the Court has jurisdiction pursuant to § 1030(a)(2)(C) and § 1030(a)(4). (*Id.* at ¶¶ 32-33.) The pertinent section of the CFAA states: "[w]hoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer shall be punished as provided in subsection (c) of this section." 18 U.S.C. § 1030(a)(2)(c). Additionally,

> [w]hoever knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period shall be punished as provided in subsection (c) of this section.

18 U.S.C. § 1030(a)(4). Furthermore, Plaintiff alleges damages as defined in § 1030(e)(8) of approximately $12,500.00. (Pl. First Am. Compl. ¶ 3.)

In his Motion to Dismiss, Defendant argues that the court lacks subject matter jurisdiction because Plaintiff failed to allege the $5,000.00 jurisdictional requisite on its federal law claim. (Def. Mot. to Dismiss at 6.) Defendant contends that because Plaintiff failed to cite the damages section under the Statute, or in the alternative, failed to prove its alleged damages, that Plaintiff did not satisfy the required jurisdictional amount for damages under the CFAA. (*Id.* at 6-7.) For his first argument, Defendant cites to two cases which he believes supports his position that Plaintiff must have referenced the damages section of the statute or the case should be dismissed: *Peoples Nat'l Bank v. Office of the Comptroller of the United States,* 362 F.3d 333, 336 (5th Cir. 2004) and *Burditt v. Geneva Capital, LLC,* 161 Fed. Appx. 384, 385 (5th Cir. 2006).

In *Peoples National Bank,* the Court of Appeals held that since the statutory cause of action

did not explicitly provide for judicial review, the Court would only have subject matter jurisdiction if the agency decision was a "final agency action" and thus reviewable under the APA. 362 F.3d at 336. This case provides no support for Defendant's position. The Court in *Peoples National Bank* did not discuss the necessity of citing sections of the statute, and its holding was regarding judicial review of agency rules, which is not related to the case at hand. *See* 362 F.3d at 336. In *Burditt,* the Court of Appeals held that the Plaintiff failed to establish federal question jurisdiction because the Plaintiff failed to cite to a federal statute which would allege a cause of action against the Defendant. 161 Fed. Appx. at 386. Again, this case does not support Defendant's argument. Defendant does not contend that Plaintiff failed to cite to a federal statute, but instead that Plaintiff failed to cite to a specific section of the statute which would provide damages to the Plaintiff. Here, Plaintiff did cite to a federal statute, and two specific sections of that statute, which would allege federal causes of action against Defendant. This Court finds Defendant's argument is misplaced.

Defendant also contends that Plaintiff failed to prove its alleged damages amount of $12,500.00. (Def. Mot. to Dismiss at 6.) Defendant states that Plaintiff's allegation of damages was conclusory, Plaintiff failed to allege "economic" damages, and the amount of damages was unreasonable. (*Id.* at 7-8.) To support its argument, Defendant requests that the Court assess the credibility of statements made by Turner and Defendant in their respective affidavits. (*Id.*) Furthermore, Defendant cites to *Southwest Airlines Co. v. BoardFirst, LLC,* No. 3:06-CV-0891-B, 2007 U.S. Dist. LEXIS 96230, at *35 (N.D. Tex. Sept. 12, 2007) where Judge Boyle denied the summary judgment motion of Southwest on its CFAA claim because Judge Boyle found that Southwest did not prove that its costs, alleged damages, were reasonable. Defendant asserts this Court should follow Judge Boyle's decision in *BoardFirst* because the costs alleged by Plaintiff here

5

are even more unreasonable than the costs alleged by the Plaintiff in *BoardFirst.* (Def. Mot to Dismiss at 9.)  However, in *BoardFirst* the Court was ruling on a motion for partial summary judgment where the plaintiff had the burden of proving as a matter of law that its investigative costs satisfied the $5,000.00 jurisdictional requisite in order to prevail on its motion. *See* 2007 U.S. Dist. LEXIS 96230, at *15-16.  Here, Defendant has filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6).  Distinguishable, the Court's scrutiny is limited to the facts of the complaint.

Accordingly, the Court will not consider the statements made by Turner and Defendant in their affidavits to assess the amount of damages.  Plaintiff need not prove its damages at this point in the case. *See* FED.R.CIV.P. 8(a)(1).  Similarly, the Court will not dismiss the case because Plaintiff failed to delineate its damages as "economic".  Plaintiff did allege "loss" and "economic" damages in its Complaint, stating that it suffered impairment of the company's data, programs and computer network due to Defendant's unauthorized and/or exceeding authorized access, as well as incurring costs for data recovery and Turner's investigation. (*See* Pl. First Am. Compl. at ¶ 34.) Plaintiff then gave its approximate loss of $12,500.00. (*Id.*)  "Loss" as defined under the CFAA includes two types of harm: (1) costs to investigate a computer intrusion and (2) costs involved with a service interruption. *See Quantlabs Technologies Ltd. V. Godlevsky*, F.Supp.2d 766, 776 (S.D. Tex. 2010) (citation omitted).  In *Quantlabs*, the Court held that the Plaintiff did not establish loss as required by the CFAA because it did not allege a service interruption or investigation costs and thus its damages allegation was conclusory. *See id.*  Here, Plaintiff alleged investigation by Turner and the costs associated with that investigation.  Thus, the Court finds that Plaintiff's damages and loss were not conclusory and satisfy the statutory requisite notwithstanding Plaintiff's lack of

labeling them "economic."[2]

Upon an examination of the face of Plaintiff's complaint, it is clear that Plaintiff is attempting to recover under federal law for one of its causes of action, and Plaintiff has sufficiently alleged the necessary damages to recover under that law. Thus, the Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### Rule 12(b)(6) Legal Standard

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not

---

[2] The Court notes that Defendant makes one last argument for a lack of the requisite damages in that Defendant contends that Plaintiff had a duty to mitigate and if it had sent Defendant a cease and desist letter, then it could have avoided its loss. (Def. Mot. to Dismiss at 11.) The Court dismisses this argument, as Plaintiff still would have incurred the loss of having Turner investigate what information was downloaded, copied and deleted.

evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

### **Legally Cognizable Claims**

In its First Amended Complaint, Plaintiff alleges eight causes of action against Defendant for breach of contract, tortious interference with contract, violation of the Texas Theft Liability Act, misappropriation of trade secrets, conversion, breach of fiduciary duty, violation of the CFAA, and harmful access by computer. Defendant moves to dismiss each of these causes of action. The Court will now examine the Plaintiff's Complaint to determine whether the factual allegations of each cause of action are facially plausible.

### **(1) Computer Fraud and Abuse Act**

Plaintiff is suing under two sections of the CFAA, § 1030(a)(2)(c) and § 1030(a)(4). The pertinent section of the CFAA states: "[w]hoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer shall be punished as provided in subsection (c) of this section." 18 U.S.C. § 1030(a)(2)(c). Additionally,

> [w]hoever knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period shall be punished as provided in subsection (c) of this

8

section.

18 U.S.C. § 1030(a)(4). In his Motion to Dismiss, Defendant argues that Plaintiff has failed to state a claim under § 1030(a)(4) because Plaintiff did not allege facts (1) that its computer was "protected", (2) that Defendant acted without authorization or exceeded authorized access, (3) that Defendant acted with "intent to defraud", and (4) that Defendant obtained valuable information. (Def. Mot. to Dismiss at 13-14.)

In its First Amended Complaint, Plaintiff alleged that "Genesco Sports maintains computers and a computer system that are "protected computers" as the term is defined in 18 U.S.C. § 1030(e)(2)(B) because they are used in interstate commerce and communication." (Pl. First Am. Compl. at ¶ 31). 18 U.S.C. § 1030(e)(2)(B) defines a "protected computer" as one "which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States." To supports its allegation, Plaintiff stated that Defendant copied data from Plaintiff's corporate server, which he had no right to access, and copied data from a company laptop, which was returned to Plaintiff upon Defendant's departure from the company. (Pl. First Am. Compl. at ¶¶ 9-10.) These facts are sufficient to allege that Defendant accessed a "protected computer".

Also in its First Amended Complaint, Plaintiff claimed that "Defendant intentionally accessed Genesco Sports' computer network without authorization and/or exceeded authorized access, and obtained information from a protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C). (Pl. First Am. Compl. at ¶ 32.) To support its allegation that Defendant acted without authorization or exceeded authorized access, Plaintiff stated "[f]urther, Mr. White also

9

copied other data from Genesco Sports' server of which he ha[d] no right accessing." (*Id.* at ¶ 9.) Taking this fact as true, Plaintiff has shown that Defendant acted without authorization in accessing Plaintiff's corporate server. *See Iqbal,* 129 S.Ct. at 1950 (holding that legal conclusions need not be assumed as true, but courts should assume the veracity of well-pled facts).

In his Motion to Dismiss, Defendant contends that Plaintiff did not allege sufficient facts to show that Defendant acted with "intent to defraud." (Def. Mot. to Dismiss at 14.) In support of his argument, Defendant wants this Court to accept as true Defendant's statements made in an affidavit attached to its Motion to Dismiss, wherein Defendant stated that he did not intend to defraud Plaintiff. (*See id.* at 3, 14; *see also* App. to Def. Mot. to Dismiss at Ex. A.) Again, for purposes of a Rule 12(b)(6) motion, this Court will not consider such affidavit. *See Collins,* 224 F.3d at 498-99 (holding that Rule 12(b)(6) analysis is limited to the pleadings, which include the complaint and any documents attached to it). In *Joe N. Pratt Ins. V. Doane,* the Court explained that the "intent to defraud" requirement of the CFAA is met if the plaintiff alleges that the defendant "participated in dishonest methods to obtain the plaintiff's secret information." No. V-07-07, 2008 WL 819011, *9 (S.D. Tex. Mar. 20, 2008) (citing *Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.,* 119 F.Supp.2d 1121, 1126 (W.D.Wash 2000). Plaintiff has sufficiently alleged that Defendant acted with "intent to defraud". Plaintiff stated in its First Amended Complaint that Defendant acted without authorization in accessing Plaintiff's corporate server and downloading confidential information from that server. (Pl. First Am. Compl. at 8-9). Plaintiff then alleged that after Defendant had downloaded confidential information to his laptop, copied the information to a USB device, he then deleted it from the

10

laptop. (*Id.*)

Finally, Defendant contends that Plaintiff did not allege sufficient facts to demonstrate that Defendant obtained valuable information. (Def. Mot. to Dismiss at 14.)  Defendant cites to *Yonkers, Inv. v. Celebrations The Party & Seasonal Superstore, LLC,* 428 F.3d 504 (3rd Cir. 2005) to support its argument.  In *Yonkers,* the Court stated that access to confidential information alone was not enough and that the plaintiffs needed to show what information was actually taken by the defendants in order to state a claim under the CFAA. *Id.* at 509.  Here, Plaintiff has not only alleged access to confidential information, but also stated exactly what confidential information was downloaded, copied to a USB device, and then deleted from the laptop. (*See* Pl. First Am. Compl. at ¶¶ 8-9.)  In its First Amended Complaint, Plaintiff stated that Defendant downloaded the following confidential information: "(1) contract information proprietary to Frito Lay, Verizon, Pepsi; (2) five months of email; (3) credit card expenses; (4) reports; (5) office forms; (6) "DECKS", and (7) miscellaneous information from other employees' files." (*Id.* at 8.)  Plaintiff then explained that it was able to determine exactly what information was downloaded and copied, and the date and time, due to the "Recent Documents" file that is created within the Windows operating system. (*Id.* at 10.)  Plaintiff alleged that the "Recent Documents" file showed a list of all of Plaintiff's files that were transferred to a USB device, which was identified as the "F" drive on Defendant's laptop. (*Id.*)  Plaintiff has demonstrated sufficient facts to show Defendant obtained valuable information.

The Court finds that Plaintiff's alleged facts are facially plausible and suffice to support

the four elements for a cause of action under 18 U.S.C. § 1030(a)(4).[3]  *See Yonkers,* 428 F.3d at 508.

## (2) Tortious Interference with Contract

In his Motion to Dismiss, Defendant argues that Plaintiff has failed to state a cause of action for tortious interference with contract because Plaintiff claimed that Defendant tortuously interfered with his own Employment Agreement, and a person cannot tortuously interfere with his own contract.  (Def. Mot. to Dismiss at 15.)  This Court agrees.  "Texas jurisprudence has long recognized that a party to a contract has a cause of action for tortious interference against any third person (a stranger to the contract) who wrongly induces another contracting party to breach the contract."  *Holloway v. Skinner,* 898 S.W.2d 793, 794-95 (Tex. 1995) (citing *Raymond v. Yarrington,* 96 Tex. 443, 73 S.W. 800, 802-04 (Tex. 1903).  Thus, the party inducing the breach cannot be a party to the contract.  *Id.* at 795.

In its cause of action for tortious interference with contract, Plaintiff stated that Defendant signed an Employment Agreement with Plaintiff and violated that Agreement by downloading confidential information belonging to Plaintiff for the benefit of himself and/or others.  (Pl. First Am. Compl. at ¶¶ 16-17.)  These facts do no allege a cause of action for tortious interference with contract, as Defendant cannot tortuously interfere with his own contract.  *See Holloway,* 898 S.W.2d at 795.

However, in Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff requested

---

[3] Since the Court found a cause of action under § 1030(a)(4), there is no need to analyze whether a claim was stated under § 1030(a)(2)(c).  The Court further notes that Defendant again brings up its claim that Plaintiff did not sufficiently allege its requisite damages under the CFAA.  Nevertheless, the Court already performed a factual scrutiny of the alleged damages in its analysis of Federal Question Jurisdiction, and incorporates that analysis here.

leave to amend its claim for tortious interference with contract and then re-pled its claim. (Pl.

Resp. to Def. Mot. to Dismiss at 17.)  Plaintiff stated if granted leave to amend, its claim would

read:

> Genesco Sports had/has a valid and enforceable contract with its clients, including Frito
> Lay, Verizon, and Pepsi.  White committed a willful and intentional act of interference
> with Genesco Sports' contracts with said clients.  Genesco Sports has and will continue
> to incur substantial damages as a direct and proximate cause of White's Tortious
> Interference with its Contracts with Frito Lay, Verizon, and Pepsi as a result of White's
> willful and intentional act of interference.

*Id.*  The District Court should grant Plaintiff's leave to file a Second Amended Complaint to

include this amendment.  The Court finds that Plaintiff has alleged sufficient facts to support this

claim, if amended.

### (3) Conversion

Plaintiff's claim for conversion states "Defendant wrongfully accessed and used computer

files and data belonging to Genesco Sports.  These computer files and data were stored on

Genesco Sports' internal server, and were downloaded to a USB drive and taken by Defendant

for his own personal use." (Pl. First Am. Compl. at ¶ 25.)

In his Motion to Dismiss, Defendant contends that Plaintiff has failed to state a cause of

action for conversion because Plaintiff only alleged that Defendant took intangible information

and never said that the information was converted to written form.  (Def. Mot. to Dismiss at 15.)

In support of its argument, Defendant cites to *Express One Int'l, Inc. v. Steinbeck,* where the

court granted summary judgment on plaintiff's conversion claim because the plaintiff was unable

to show that its intangible property right had been merged into a tangible document that was then

converted.  53 S.W.3d 895, 901 (Tex. App. –Dallas 2001, no pet.).  The Court was dealing with a

13

trademark infringement claim and explained that its holding was based on case law which refused to recognize claims of conversion of a trademark. *See id.* Defendant argues that *Express One* holds that a plaintiff has to show that intangible information is converted to written form in order to state a claim for conversion, but the Court never said anything about a written document. (*See* Def. Mot. to Dismiss at 15; *see also Express One,* 53 S.W.3d 895 at 901 (stating that an intangible property right has to be merged into a tangible document and then converted).

The Court of Appeals in *Texas Instruments, Inc. v. U.S.,* explained that "[t]he ordinary and customary meaning of "tangible" is that which can be felt by touch, having actual form and substance." 551 F.2d 599, 611 (C.A. Tex. 1977) (citing Webster's New Twentieth Century Dictionary 1863 (unabridged 2d ed. 1964)).

Here, Plaintiff claimed that computer files and data were downloaded onto a USB device and then converted by Defendant. (*See* Pl. First Am. Compl. at ¶ 25.) In the absence of legal authority to the contrary, the Court finds these facts sufficient to allege a cause of action for conversion.

**(4) Misappropriation of Trade Secrets**

The elements of misappropriation of trade secrets are: "(1) the existence of a trade secret; (2) a breach of a confidential relationship or improper discovery of a trade secret; and (3) use of the trade secret without authorization." *Guy Carpenter & Co., Inc. v. Provenzale,* 334 F.3d 459, 467 (5th Cir. 2003) (citing *Phillips v. Frey,* 20 F.3d 623, 627 (5th Cir. 1994)). In his Motion to Dismiss, Defendant contends that Plaintiff has failed to allege all three elements in its cause of action. (Def. Mot. to Dismiss at 16-18.)

In its cause of action for misappropriation of trade secrets, Plaintiff stated:

14

> Genesco Sports owned several trade secrets and/or proprietary and confidential information that was developed by Genesco Sports and stored on Genesco Sports' internal server. Defendant has wrongfully acquired trade secret and/or proprietary and confidential information belonging to Genesco Sports and as further described herein. Defendant has misappropriated Genesco Sports' trade secrets and/or proprietary and confidential information for his own use or use by others as evidenced by Defendant's theft of the information.

(Pl. First Am. Compl. at ¶ 22.) Under Texas law, a trade secret is defined as "any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* Plaintiff alleged that the following information constituted its trade secrets: "(1) contract information proprietary to Frito Lay, Verizon, Pepsi; (2) Five months of email; (3) credit card expenses; (4) reports; (5) office forms; (6) "DECKS"; and (7) miscellaneous information from other employees' files." (Pl. First Am. Compl. at ¶ 8.) Customer lists, client information, customer preferences, buyer contacts, pricing information, marketing strategies, blueprints, and drawings have all been recognized as trade secrets. *Grand Time Corp. v. Watch Factory, Inc.,* No. 3:08-CV-1770-K, 2010 WL 92319, at *4 (N.D. Tex. January 6, 2010) (citing *Global Water Group, Inc. v. Atchley,* 244 S.W.3d 924, 928 (Tex.App.–Dallas 2008, pet. denied)). Since Plaintiff alleges facts that client information was taken by Defendant in the form of contracts, and Texas courts recognize client information as a trade secret, this Court finds that Plaintiff has alleged sufficient facts to demonstrate that a trade secret existed.[4]

---

[4] In *Watch Factory,* the Court stated that the issue of whether a trade secret actually exists is a question of fact to be determined by the factfinder, as either the judge or jury. 2010 WL 92319 at *4. The Court then listed the six relevant factors that the factfinder must consider: "(1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to safeguard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended in developing the information; and (6)

Defendant also argues that Plaintiff failed to establish that there was a breach of a confidential relationship. (Def. Mot. to Dismiss at 17-18.) Defendant cites to no case law to support its argument. Plaintiff alleged facts that Defendant breached its confidentiality agreement in its Employment Agreement with Plaintiff. (Pl. First Am. Compl. at ¶ 6.) These facts are sufficient to establish an allegation that Defendant breached its confidential relationship with Plaintiff.

Finally, Defendant contends that Plaintiff did not allege use of the trade secret without authorization. (Def. Mot. to Dismiss at 18.) Again, to support its argument, Defendant wants this Court to assume the veracity of Defendant's statements made in an affidavit attached to his motion to dismiss, wherein Defendant stated that he did not use the confidential information he took from Plaintiff. (*Id.*) For reasons this Court has previously outlined, it will not consider Defendant's affidavit in deciding the motion to dismiss. Defendant also cites to two cases to support its position: *General Univ. Sys., Inc. v. Hal, Inc.,* 500 F.3d 444 (5th Cir. 2007) and *AlliantGroup, L.P. v. Feingold,* No. H-09-0479, 2011 WL 1157315 (S.D. Tex. Mar. 24, 2011). The Court in both of these cases was considering a motion for summary judgment and the cases are not applicable here. Plaintiff alleged that Defendant downloaded confidential information and copied it to a USB device and then deleted it from his laptop. (Pl. First Am. Compl. at ¶¶ 8-9.) Plaintiff also alleged that Defendant accessed the corporate server to gain this confidential information without authorization from Plaintiff. (*Id.* at ¶ 9.) Thus, Plaintiff has alleged

---

the ease or difficulty with which the information could be properly acquired or duplicated by others." *Id.* The Court then stated that since it was only considering a motion to dismiss, and the six factors usually come about through discovery, it was improper to apply them at the motion to dismiss stage, without discovery. *See id.* This Court agrees that the six factors should not be considered until the completion of discovery.

sufficient facts to establish use of the trade secret without authorization, and has a factually-supported claim for misappropriation of trade secrets.

## (5) Breach of Fiduciary Duty

The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary relationship; (2) breach of fiduciary duty; and (3) the breach injured one party or benefitted the other. *Johnston v. Kruse,* 261 S.W.3d 895, 902 (Tex.App.–Dallas 2008, no pet. h). In his Motion to Dismiss, Defendant argues that Plaintiff has failed to establish each of these elements.  (Def. Mot. to Dismiss at 18-19.)

In its First Amended Complaint, Plaintiff stated it had a breach of fiduciary duty claim in that:

> Defendant, by virtue of his position within Genesco Sports and access to Genesco Sports' trade secrets and confidential information, had a fiduciary relationship with Genesco Sports.  Defendant breached his fiduciary duty owed to Genesco Sports by using his access to Genesco Sports' confidential information, for his benefit and/or the benefit of others.

(Pl. First Am. Compl. at ¶ 28.)  First, Defendant claims that Plaintiff has failed to allege the existence of a fiduciary relationship between Plaintiff and Defendant.  Under Texas common law, agency is a kind of special relationship that gives rise to a fiduciary duty.  *Johnson v. Brewer & Pritchard,* 73 S.W.3d 193, 200 (Tex. 2002).  In *Johnson,* the Texas Supreme Court held that an employee owes a fiduciary duty to his employer because of this principal/agent relationship whereby the agent has a duty to act on behalf of his principal.  *Id.* at 197-200.  Plaintiff alleged that Defendant was employed by Plaintiff in its Account Services/ New Business department. (Pl. First Am. Compl. at ¶ 5.)  Thus, Plaintiff has alleged an employment and fiduciary relationship.

Defendant further argues that Plaintiff has not demonstrated a breach of fiduciary duty for the same reason Plaintiff could not prove "use" for misappropriation of trade secrets. (Def. Mot. to Dismiss at 19.) This Court found that Plaintiff did allege "use" for misappropriation of trade secrets, and furthermore, Plaintiff stated that Defendant breached his fiduciary duty when he breached his Employment Agreement by downloading and copying Plaintiff's confidential information without Plaintiff's authorization. (*See* Pl. First Am. Compl. at ¶¶ 6, 8, 9, 28.) The agent/employee has a duty to act on behalf of his principal/employer and failure to comply with that duty is considered a breach. *See Johnson,* 73 S.W.3d at 200-01. Plaintiff's facts suffice to show breach of fiduciary duty.

Finally, Defendant contends that Plaintiff did not show that the breach injured itself or benefitted the Defendant. (Def. Mot. to Dismiss at 19.) On the contrary, Plaintiff alleged injury in the form of damages in that it suffered impairment of its computer network, impairment of its future business, and irreparable harm in giving an unfair competitive advantage to Plaintiff's competitors. (Pl. First Am. Compl. at ¶ 38.) As the Court in *Johnson* stated, "[a] fiduciary cannot say to the one to whom he bears such relationship: you have sustained no loss by my misconduct . . . and therefore you are without remedy." 73 S.W.3d at 200-01. Plaintiff has alleged sufficient facts to show injury due to the breach, and therefore has a factually-supported cause of action for breach of fiduciary duty.

## (6) Breach of Contract

In his Motion to Dismiss, Defendant contends that Plaintiff has not established a breach of contract claim because Plaintiff did not allege that it performed or tendered performance, and Plaintiff failed to allege damages. (Def. Mot. to Dismiss at 19-20.) To prove a breach of

contract under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Dorsett v. Cross,* 106 S.W.3d 213, 217 (Tex.App.–Houston [1st Dist.] 2003, pet. denied).

In its breach of contract claim, Plaintiff stated that Defendant breached its contract, the Employment Agreement, by violating the confidentiality and nondisclosure provision. (Pl. First Am. Compl. at ¶ 12.) There is no dispute that there was a valid contract between Plaintiff and Defendant, the Employment Agreement. Defendant does, however, dispute whether Plaintiff alleged that it performed or tendered performance of the Employment Agreement. (Def. Mot. to Dismiss at 20.) Defendant cites to *Case Corp. v. Hi-Class Business Systems of America, Inc.,* 184 S.W.3d 760 (Tex.App.–Dallas 2005, pet. denied) to support its argument that a plaintiff's failure to plead its own performance is a fatal deficiency. However, the Court of Appeals in *Case Corp.* was analyzing the evidence of breach of contract that was produced at a jury trial. *Id.* The court did not state that a cause of action should be dismissed if a plaintiff fails to plead its own performance. *See id.* Nonetheless, the Court finds that Plaintiff did plead its own performance of the Employment Agreement when Plaintiff stated in its facts section that Defendant was employed with Plaintiff from January of 2004 through June 3, 2011. (*See* Pl. First Am. Compl. at ¶¶ 5, 9.) Plaintiff alleged its performance tendered through its employing Defendant for over seven years, as was its obligation in the Employment Agreement. (*See id.; see also* Pl. First Am. Compl., Ex. A.) Defendant does not dispute that Plaintiff alleged a breach of contract. However, Defendant argues that Plaintiff does not allege damages. (Def. Mot. to Dismiss at 20.) Defendant reiterates its previous argument that Defendant did not use the

confidential information, and that Plaintiff could have avoided damages by exercising reasonable care in sending a cease and desist letter to Defendant. (*See* Def. Mot. to Dismiss at 11, 20.) For reasons this Court has previously stated, the Court finds these arguments misplaced and that Plaintiff has alleged sufficient factual allegations of damages. Moreover, as the court in *BoardFirst* stated, "[a] party who breaks his contract cannot escape liability because it is impossible to state or prove a perfect measure of damages." 2007 WL 4823761 at *10 (citing *Southwest Battery Corp. v. Owen,* 115 S.W.2d 1097, 1099 (Tex. 1938)). Thus, Plaintiff has a factually-supported claim for breach of contract.

## (7) Texas Theft Liability Act

Under the Texas Theft Liability Act, "theft" is defined as: "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03 . . . Penal Code." TEX. CIV. PRAC. & REM. CODE § 134.002(2). Section 31.03(a) of the Penal Code states that "[a] person commits an offense [of theft] if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PEN. CODE § 31.03(a). Further, "[a]ppropriation of property is unlawful if: (1) it is without the owner's effective consent." TEX. PEN. CODE § 31.03(b). In his Motion to Dismiss, Defendant contends that Plaintiff does not have a cause of action under the Texas Theft and Liability Act because Plaintiff did not allege facts that a "theft" occurred and Plaintiff did not allege damages.[5] (Def. Mot. to Dismiss at 20-22.)

---

[5] Defendant again makes the argument that Plaintiff did not allege damages because Defendant did not use the property at issue, and the property at issue is now in the Court's possession. (Def. Mot. to Dismiss at 22.) This Court has already explained that it will not rely on an affidavit of Defendant's wherein he stated that he did not use the property in deciding this motion to dismiss. Plaintiff has sufficiently alleged facts of damages, and the Court will not discuss damages any further.

In its cause of action under the Texas Theft and Liability Act, Plaintiff stated:

> Genesco Sports has a possessory right to its trade secrets and confidential information. Defendant unlawfully appropriated, secured, and/or stole Genesco Sports' property, confidential information, and trade secrets with the intent to deprive Genesco Sports of its property. Specifically, Defendant illegally accessed and downloaded confidential and proprietary information from Genesco Sports' internal server, for the purpose of benefitting himself and/or others. As a result, Genesco Sports is entitled to an award of actual, consequential, incidental, and continuing damages proximately caused by Defendant's theft.

(Pl. First Am. Comp. at ¶ 20.) Defendant argues that Plaintiff's allegations are conclusory and that no facts were alleged to show Defendant did anything "unlawfully" or "with the intent to deprive Genesco Sports of its property." (Def. Mot. to Dismiss at 21.) On the contrary, Plaintiff alleged sufficient facts to show that Defendant did something "unlawfully" because Plaintiff stated that Defendant accessed its corporate server and copied confidential information when Defendant had no right to access that server. (*See* Pl. First Am. Compl. at ¶ 9.) If Defendant had no right to access the corporate server then he accessed that server without Plaintiff's consent and thus acted "unlawfully". *See* TEX. PEN. CODE § 31.03(b). Additionally, Plaintiff alleged facts that Defendant acted with the intent to deprive Plaintiff of its property when Plaintiff stated that Defendant copied the confidential information to a USB device and then deleted the information from his laptop. (Pl. First Am. Compl. at ¶ 9.)

Finally, Defendant states that Plaintiff's allegations that Defendant took information that was confidential or constituted a trade secret were conclusory. Defendant cites to no case law to support its argument and this Court finds Plaintiff's allegations were not conclusory in that Plaintiff listed seven specific items which constituted the confidential information and trade secrets. (*See* Pl. First Am. Compl. at ¶ 8.) The Court finds Plaintiff has alleged sufficient facts

to support a cause of action under the Texas Theft and Liability Act.

**(8) Harmful Access by Computer**

Chapter 33.02(a) of the Penal Code states "[a] person commits an offense [of breach of computer security] if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." TEX. PEN. CODE § 33.02(a). "A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." TEX. PEN. CODE § 6.03(b). The statute which provides a civil cause of action for a violation of Chapter 33 of the Penal Code states that the conduct constituting the violation must be committed either knowingly or intentionally. TEX. CIV. PRAC. & REM. CODE § 143.001.   "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PEN. CODE § 6.03(a).

In his Motion to Dismiss, Defendant contends that Plaintiff does not have a civil cause of action for harmful access by computer because Plaintiff did not allege sufficient facts of the required mental state of "intentionally" or "knowingly". (Def. Mot. to Dismiss at 21.) In its First Amended Complaint, Plaintiff stated "[d]efendant knowingly and/or intentionally accessed Genesco Sports' computer, computer network, and/or computer system without effective consent of Genesco Sports, the owner." (Pl. First Am. Compl. at ¶ 36.) Defendant cites to no case law to support his argument. This Court finds that Plaintiff alleged sufficient facts to show that Defendant acted with "knowledge" in that Plaintiff stated that after Defendant downloaded and copied its confidential information, he then deleted that information from his laptop. (*Id.* at ¶¶ 8-9.) This alleged act of deleting the information suffices to show Defendant acted "knowingly"

with respect to the result of his conduct.  Thus, the Court finds that Plaintiff has alleged sufficient facts for a civil cause of action for harmful access by computer.[6]

### Recommendation

The Court recommends that the District Court deny Defendant's Motion to Dismiss (doc. 27).  This Court has subject matter jurisdiction and Plaintiff has alleged legally cognizable causes of action against Defendant.  Additionally, the District Court should grant Plaintiff's leave to file a Second Amended Complaint.

SO RECOMMENDED, October 27, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[6] In his Motion to Dismiss, Defendant argues that Plaintiff did not prove damages for harmful access by computer for the same reason he didn't prove them under the Texas Theft Liability Act.  (Def. Mot. to Dismiss at 22.)  As this Court previously stated, damages have been sufficiently alleged by the Plaintiff.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).